■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY ROBINSON, Appellant. [622 NYS2d 69] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Leahy, J.), dated September 7, 1993, which denied, without a hearing, his motion to vacate a judgment of conviction of the same court, rendered April 20, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The power to vacate a judgment pursuant to CPL article 440 upon the ground of newly discovered evidence, as well as the determination as to whether to hold a hearing on the motion, is within the discretion of the court to which the motion is addressed *(see, People v Crimmins,* 38 NY2d 407, 415-417; CPL 440.10 [1] [g]). In this case, the proffered newly

discovered evidence consisted of an affidavit of an individual the defendant met in prison who, six years after the crimes of which the defendant was convicted, averred to have witnessed someone other than the defendant commit the subject murder. These averments presented fully and in the best possible light all the evidence the affiant could possibly offer on the defendant's behalf. Furthermore, in light of the credibility shortcomings inherent in evidence of this nature, the averments did not disclose a probability, as opposed to a mere possibility, that the jury, if presented with this new evidence, would have returned a verdict more favorable to the defendant. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion without holding a hearing *(see, People v Crimmins, supra)*.

Contrary to the defendant's assertions, issues pertaining to the propriety of the lineup procedure, as well as probable cause issues, may not be considered at this stage of the proceedings *(see,* CPL 440.10 [2]). Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.