◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER GOMEZ, Appellant. [682 NYS2d 227] —Appeals by the defendant from five judgments of the Supreme Court, Queens County (Orgera, J.), all rendered July 12, 1996, convicting him of (1) robbery in the first degree (two counts) under Indictment No. 5448/95, (2) robbery in the first degree under Indictment No. 5538/95, (3) robbery in the first degree (two counts) under Indictment No. 226/96, (4) robbery in the first degree (three counts) under Indictment No. 255/96, and (5) attempted criminal sale of a controlled substance in the third degree under Indictment No. 11833/95, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contentions that his pleas of guilty were not voluntary because of his prior drug use and that the Supreme Court should have *sua sponte* ordered an examination pursuant to CPL article 730 to determine whether he was competent to enter pleas of guilty are without merit. There is no evidence in the record to suggest that the defendant lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense (*see,* CPL 730.30 [1]; *People v Rowley,* 222 AD2d 718; *People v Hollis,* 204 AD2d 569). To the contrary, his responses to the court's inquiries were appropriate and indicated that he was not incapacitated (*see, People v Rowley, supra*).

Additionally, the defendant received the meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137, 147). He "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404).

Finally, we reject the defendant's claim that the sentences imposed, which were agreed upon as part of a negotiated plea agreement, were excessive (*see, People v Kazepis,* 101 AD2d 816). Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.