■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PRYOR, Appellant. [782 NYS2d 803]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered October 3, 2002, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his plea of guilty should be vacated is unpreserved for appellate review since he did not move to withdraw it (*see People v Clarke,* 93 NY2d 904, 905 [1999]; *People v Pellegrino,* 60 NY2d 636 [1983]; *People v Thomas,* 262 AD2d 588, 589 [1999]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]). The record, on the whole, demonstrates that the plea did not result from any misunderstanding by the defendant as to his right to confront the witnesses against him. Moreover, there is no support in the record for the defendant's contention that the court induced him to enter the plea by threatening to impose a heavier sentence if he proceeded to trial (*see People v Alvarado,* 193 AD2d 808 [1993]; *see generally People v Hollis,* 74 AD2d 585 [1980]).

Furthermore, there is no evidence that the defendant lacked the capacity to understand the proceedings against him, or that he was unable to assist in his defense. To the contrary, the defendant's responses to the court's inquiries were appropriate and indicated that he was not incapacitated. Accordingly, the defendant's contention that the court should have, sua sponte, ordered a competency exam pursuant to CPL 730.30 is without merit (*see People v Gomez,* 256 AD2d 356 [1998]; *People v Rowley,* 222 AD2d 718 [1995]; *People v Hollis,* 204 AD2d 569 [1994]; *People v Polimeda,* 198 AD2d 242, 243 [1993]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.