■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS MONK, Appellant. [815 NYS2d 130]—

Appeals by the defendant from two judgments of the County Court, Orange County (De Rosa, J.), both rendered April 11, 2005, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 05-038 and attempted criminal possession of a controlled substance in the fifth degree under Superior Court information No. 05-214, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant knowingly, intelligently, and voluntarily entered into the plea agreements (*see People v Seaberg,* 74 NY2d 1, 11 [1989]; *People v Harris,* 61 NY2d 9, 17 [1983]). Furthermore, there was no basis in the record to conclude that at the time the defendant entered his pleas of guilty he lacked the capacity to understand the proceedings against him or was unable to assist in his defense (*see* CPL 730.10 [1]; *People v Gensler,* 72 NY2d 239, 243-246 [1988], *cert denied* 488 US 932 [1988]; *People v Rivas,* 206 AD2d 549, 550 [1994]; *People v Santiago,* 205 AD2d 565 [1994]; *People v Johnston,* 186 AD2d 680, 681 [1992]). Nor was there any indication that the court had a "reasonable ground for believing that [the] defendant [was] in such state of idiocy, imbecility or insanity that he [was] incapable of understanding the charge, indictment or proceedings or of making his defense" (*People v Smyth,* 3 NY2d 184, 187 [1957]; *see People v Tortorici,* 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]), or that the defendant's behavior was erratic or bizarre, or his thinking delusional. Accordingly, the County Court providently exercised its discretion in declining to, sua sponte, order a competency hearing (*see* CPL 730.30; *People v Tortorici, supra*; *People v Gelikkaya,* 84 NY2d 456, 459 [1994];

*People v Armlin,* 37 NY2d 167, 171 [1975]; *People v Graham,* 272 AD2d 479, 479-480 [2000]).

The defendant's remaining contentions are unpreserved for appellate review. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.