■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ACKRIDGE, Appellant. [818 NYS2d 294]—Appeals by the defendant (1) from a judgment of the Supreme Court, Westchester County (Tolbert, J.), rendered April 17, 2003, convicting

him of assault in the third degree, endangering the welfare of an incompetent person, and harassment in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court (Molea, J.) dated May 27, 2004, which, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

We reject the defendant's contention that the misdemeanor information at issue was defective, as it sufficiently established the elements of the offenses charged (*see People v Casey,* 95 NY2d 354 [2000]; CPL 100.40 [1] [c]).

Inasmuch as the defendant did not move to withdraw his plea or to vacate the judgment of conviction on the grounds alleged on appeal, he has not preserved for appellate review his challenge to the sufficiency of the plea allocution (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Claudio,* 64 NY2d 858 [1985]; *People v Griffin,* 186 AD2d 820 [1992]). It was proper for the court to deny the defendant's CPL 440.10 motion without a hearing (*see People v Satterfield,* 66 NY2d 796 [1985]; *People v Robinson,* 211 AD2d 733 [1995]). Notwithstanding his contention to the contrary, the defendant was afforded effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Ford,* 86 NY2d 397, 404 [1995]).

As the defendant has already served his sentence, any issues which relate to sentencing are academic (*see People v Washington,* 108 AD2d 943 [1985]; *People v Reyes,* 74 NY2d 837 [1989]). In any event, the record reflects that the defendant waived any right to challenge the excessiveness of his sentence (*see People v Hidalgo,* 91 NY2d 733 [1998]; *People v Allen,* 82 NY2d 761, 763 [1993]). Moreover, the defendant, having been sentenced to the agreed-upon term of imprisonment, has no basis to now complain that the prison term imposed was excessive (*see People v Kazepis,* 101 AD2d 816 [1984]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.