■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP CONKLIN, Appellant. [846 NYS2d 916]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 25, 2006, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant has already served his sentence, any issues which relate to the length of his sentence are academic (*see People v Ackridge,* 31 AD3d 654, 655 [2006]; *People v Churby,* 277 AD2d 393 [2000]; *People v Washington,* 108 AD2d 943 [1985]).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Florio and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DOUGLAS, Appellant. [847 NYS2d 232]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 4, 2005, convicting him of manslaughter in the first degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty, the defendant forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30 (*see People v O'Brien,* 56 NY2d 1009, 1010 [1982]). He could not validly reserve his right to obtain appellate review of his statutory speedy trial claim merely by obtaining the consent of the prosecutor and the approval of the court at the time his plea was entered (*id.*). The defendant's contention that his plea was involuntary is not preserved for appellate review since the defendant failed to move to withdraw his plea on this ground (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Cosby,* 31 AD3d 660 [2006]). In any event, his contention is without merit. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.