■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREW LUCIERE, Respondent. [872 NYS2d 294]—Appeal by the People from an order of the County Court, Suffolk County (Kahn, J.) dated October 29, 2007, which granted the defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (g) and 30.30 (1) (a).

Ordered that the order is affirmed.

Contrary to the prosecution's contention, the County Court properly granted the defendant's motion to dismiss the indictment on speedy trial grounds (*see People v Price*, — AD3d —, 2009 NY Slip Op 01146 [2009] [decided herewith]). Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M'LADY, Appellant. [873 NYS2d 331]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered August 18, 2005, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty should be vacated because it was not knowingly, voluntarily, and intelligently made is without merit. While the pre-sentence report indicated that the defendant had a history of substance abuse and psychiatric problems, and that he had been diagnosed with bipolar disorder which was controlled by medication, there is no basis in the record to support the conclusion that at the time of the plea proceeding, he lacked the capacity to understand the proceeding or was unable to assist in his defense (*see* CPL 730.30 [1]; *People v Hollis*, 204 AD2d 569 [1994]). The responses made by the defendant at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (*see People v Pryor*, 11 AD3d 565 [2004]; *People v Hansen*, 269 AD2d 467 [2000]).

The defendant's contention that he was denied the effective assistance of counsel is without merit (*see People v Dowicyan*, 19 AD3d 613 [2005]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.