Appeal by the defendant from a judgment of the County Court, Westchester County (Neary, J.), rendered September 9, 2009, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea was not voluntary is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Perez, 51 AD3d 1043 [2008]). In any event, *1106 the defendant’s plea of guilty was entered voluntarily, knowingly, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 17 [1983]; see also People v M’Lady, 59 AD3d 568 [2009]).
The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.