THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT THOMAS, Appellant. [31 NYS3d 591]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Spergel, J.), rendered April 2, 2014, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he validly waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 341 [2015]; *People v Lopez*, 6 NY3d 248, 257 [2006]). Nevertheless, his contentions concerning the voluntariness of his plea of guilty survive his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Magnotta*, 137 AD3d 1303 [2016]). However, this issue is unpreserved for appellate review, since the defendant did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Canole*, 123 AD3d 940 [2014]; *People v Pryor*, 11 AD3d 565, 566 [2004]). In any event, the defendant's plea of guilty was knowing, voluntary, and intelligent. Contrary to the defendant's contention, there was nothing in the plea allocution that triggered the Supreme Court's duty to inquire into a potential affirmative defense to the charge based upon mental disease or defect (*see* Penal Law § 40.15; *People v Serrano*, 160 AD2d 745, 746 [1990]; *cf. People v Grason*, 107 AD3d 1015 [2013]). The fact that the presentence investigation report indicated that the defendant had been hospitalized and prescribed medication for schizophrenia did not trigger such a duty of inquiry (*see People v Faulknor*, 134 AD3d 404 [2015]; *People v Hill*, 128 AD3d 1479, 1480 [2015]). Moreover, there is

no support in the record for the defendant's contention that he lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense (*see* CPL 730.30 [1]; *People v Narbonne*, 131 AD3d at 627; *People v Kelly*, 121 AD3d 713 [2014]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Parker*, 191 AD2d 717 [1993]; *People v Helm*, 178 AD2d 656 [1991]). To the contrary, the defendant's responses at the plea and sentencing proceedings were appropriate, and did not indicate that he was incapacitated (*see People v M'Lady*, 59 AD3d at 568; *People v Pryor*, 11 AD3d at 566). Under these circumstances, the Supreme Court was not required to sua sponte direct a competency examination pursuant to CPL 730.30 (*see People v Monk*, 29 AD3d 605 [2006]; *People v Eherts*, 21 AD3d 905, 906 [2005]; *People v Graham*, 272 AD2d 479, 479-480 [2000]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Upson*, 134 AD3d 1058 [2015]; *People v Haywood*, 122 AD3d 769, 769-770 [2014]). Insofar as the defendant contends that his counsel's conduct affected the voluntariness of the plea, the claim is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.