■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MORRIS, Appellant. [48 NYS3d 425]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered October 3, 2014, convicting him of rape in the first degree (two counts), rape in the second degree (two counts), sexual abuse in the first degree,

course of sexual conduct against a child, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Canole*, 123 AD3d 940 [2014]). In any event, the plea was knowingly, voluntarily, and intelligently entered (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d at 666; *People v Harris*, 61 NY2d 9, 17 [1983]). While the presentence report indicated that the defendant had been diagnosed with manic depression, paranoia, and epilepsy and prescribed medication for these conditions, there is no basis in the record to support his contention that he lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense (*see* CPL 730.30 [1]; *People v Kelly*, 121 AD3d 713 [2014]; *People v M'Lady*, 59 AD3d 568 [2009]; *People v Parker*, 191 AD2d 717 [1993]). To the contrary, the defendant's responses at the plea and sentencing proceedings were appropriate, and did not indicate that he was incapacitated (*see People v Thomas*, 139 AD3d 986, 987 [2016]; *People v Narbonne*, 131 AD3d at 627; *People v M'Lady*, 59 AD3d at 568; *People v Pryor*, 11 AD3d 565, 566 [2004]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.