■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. TISSIERA, Appellant. [61 NYS3d 665]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered July 9, 2014, convicting him of criminal contempt in the first degree, aggravated criminal contempt, and aggravated family offense (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Canole*, 123 AD3d 940 [2014]). In any event, the defendant's contention is without merit. While the defendant stated at the plea proceeding, and the presentence report indicated, that he was diagnosed with schizophrenia, posttraumatic stress disorder, and bipolar disorder, and was prescribed medication for these disorders, there is no basis in the record to support his contention that he lacked the capacity to understand the proceedings against him, or that he was unable to assist in his defense (*see* CPL 730.30 [1]; *People v Morris*, 147 AD3d 1083, 1084 [2017]; *People v Narbonne*, 131 AD3d at 627; *People v M'Lady*, 59 AD3d 568, 568 [2009]; *People v Hollis*, 204 AD2d 569 [1994]). To the contrary, the defendant's responses at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (*see People v Morris*, 147 AD3d at 1084; *People v Thomas*, 139 AD3d 986, 987 [2016]; *People v Narbonne*, 131 AD3d at 627; *People v M'Lady*, 59 AD3d at 568). Under these circumstances, the County Court was not required, sua sponte, to direct a competency examination pursuant to CPL 730.30 (*see People v Thomas*, 139 AD3d at 987; *People v Narbonne*, 131 AD3d at 627).

The defendant's contention, in effect, that the County Court improperly threatened to impose a heavier sentence if the defendant proceeded to trial is without merit (*see People v Pryor*, 11 AD3d 565, 566 [2004]; *People v Alvarado*, 193 AD2d 808 [1993]). Further, the defendant's contention that he was deprived of the effective assistance of counsel is without merit. The record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Dillon, J.P., Sgroi, Maltese, Barros and Christopher, JJ., concur.