Appeals by the defendant from three judgments of the County Court, Orange County (McLoughlin, J.), each rendered March 2, 2016, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 15-00438, criminal sale of a controlled substance in the third degree under indictment No. 15-00439, and criminal possession of a controlled substance in the third degree under indictment No. 15-00499, upon his pleas of guilty, and imposing sentences.
 

 Ordered that the judgments are affirmed.
 

 The defendant contends that his pleas were not knowing, voluntary, and intelligent because the County Court failed to sufficiently advise him of the constitutional rights he was waiving by pleading guilty and because he lacked the capacity to understand the plea proceedings due to medication he was taking at that time. However, the defendant’s contention is unpreserved for appellate review because the defendant did not move to vacate his pleas or otherwise raise the issue in the County Court (see CPL 220.60 [3]; People v Peque, 22 NY3d 168, 182 [2013]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Morris, 147 AD3d 1083, 1084 [2017]; People v Jackson, 114 AD3d 807 [2014]). In any event, the pleas were knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 17 [1983]). The court adequately advised the defendant of the constitutional rights he was surrendering by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]; cf. People v Tyrell, 22 NY3d 359 [2013]), and the record affirmatively demonstrates the defendant’s understanding and waiver of those constitutional rights (see People v Sirico, 135 AD3d 19, 22 [2015]; People v Isaiah S., 130 AD3d 1081, 1082 [2015]; People v Bennett, 122 AD3d 871, 872 [2014]).
 

 Furthermore, the defendant’s assertion that he did not understand the plea proceedings because he was taking medication for a psychological condition is belied by the transcript of the plea proceedings, which demonstrates that the defendant expressly denied taking any drugs at that time and confirmed that he understood what was happening (see People v Quinones, 63 AD3d 759, 760 [2009]; People v Brooks, 36 AD3d 929, 930 [2007]; People v Bangert, 107 AD2d 752, 753 [1985]). While the presentence report contains the defendant’s postplea statement that he was prescribed medication for depression while incarcerated, there is no basis in the record to support his contention that he lacked the capacity to understand the proceedings against him (see People v Morris, 147 AD3d 1083, 1084 [2017]; People v Thomas, 139 AD3d 986, 987 [2016]; People v Narbonne, 131 AD3d 626, 627 [2015]).
 

 The defendant’s valid waiver of his right to appeal (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 256-257 [2006]) precludes appellate review of his contention that the sentences imposed were excessive (see People v Seaberg, 74 NY2d 1, 9 [1989]).
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.