People v King (2018 NY Slip Op 03547)





People v King


2018 NY Slip Op 03547


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-03408
 (Ind. No. 10578/13)

[*1]The People of the State of New York, respondent,
v
Kevin King, appellant.


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered March 1, 2016, convicting him of aggravated harassment in the first degree and aggravated harassment in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jemmott, 125 AD3d 1005, 1006; see CPL 220.60[3]; People v Brown, 14 NY3d 113, 116; People v Alexander, 97 NY2d 482, 485). Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's application to withdraw his plea of guilty (see People v Rodriguez, 152 AD3d 800, 800; People v Jackson, 87 AD3d 552, 553; see also People v Colemanorange, 151 AD3d 738, 739; People v Gallo, 73 AD3d 804, 804-805; People v Pryor, 11 AD3d 565, 566; People v Kessler, 5 AD3d 504, 505).
Inasmuch as the maximum term of the defendant's sentence expired during the pendency of this appeal, any issues which relate to the length of his sentence are academic (see People v Velez, 116 AD3d 1077, 1077; People v Gonzalez, 113 AD3d 792, 793; People v Conklin, 46 AD3d 698, 698; People v Ackridge, 31 AD3d 654, 655). Under these circumstances, we need not reach the defendant's remaining contention that his appeal waiver was invalid (see People v Bernard, 155 AD3d 1059, 1059; People v Thomas, 139 AD3d 986, 986).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court