The People of the State of New York, Respondent,
against
Kwadwo Owusu, Appellant.




Calhoun & Lawrence, LLP (Clinton W. Calhoun, III of counsel), for appellant.
Westchester County District Attorney (Grant O'Donnell and Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Eric P. Press, J.), rendered January 20, 2016. The judgment convicted defendant, upon his plea of guilty, of petit larceny and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with petit larceny (Penal Law § 155.25). On January 20, 2016, prior to pleading guilty, defendant had executed a misdemeanor conviction waiver of rights form, which included a waiver of the right to appeal. The form stated in paragraph six:
"I have discussed this matter with my attorney and have had enough time to talk to my attorney and make this decision. I am satisfied with the representation given me by my attorney."
The form also asked the following question in paragraph 14:
"Do you understand that if you are not a citizen of the United States, this plea of guilty may result in your deportation and exclusion from the United States?" At the bottom of the form, immediately preceding the date and signatures, is the following statement: "I HAVE READ THE ABOVE AND HAVE NO FURTHER QUESTIONS." At the plea proceeding, defense counsel acknowledged that she had reviewed the misdemeanor conviction waiver of rights form with defendant and that they had both signed the form. Additionally, during the plea allocution, the court asked defendant whether he understood that, if he was not a citizen of the United States, the plea and sentence could subject him to deportation or exclusion, to which defendant responded "Yes." When given the opportunity to speak, defendant stated that he did not have any questions or anything to say before sentence was imposed. Defendant ultimately pleaded guilty to the charge and was sentenced to a one-year conditional discharge, including the payment of a $500 fine. On appeal, defendant contends that the record does not disclose that he had been advised by his attorney of the immigration consequences of his guilty plea before he entered into it and, therefore, he received the ineffective assistance of counsel under both the Federal and New York State Constitutions.
Although a defendant may waive the right to appeal as a condition of a guilty plea (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Seaberg, 74 NY2d 1, 10 [1989]; People v Brown, 122 AD3d 133 [2014]), an appeal waiver will not encompass any issue that involves a right of constitutional dimension going to "the very heart of the process" (Lopez, 6 NY3d at 255; People v Pacherille, 25 NY3d 1021, 1023 [2015]). Therefore, a challenge to the voluntariness of a guilty plea survives an appeal waiver since it involves a right of constitutional dimension (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Thomas, 139 AD3d 986 [2016]; People v Magnotta, 137 AD3d 1303 [2016]). Furthermore, a defendant can challenge the voluntariness of a plea based upon the ineffective assistance of counsel (see People v Wilson, 48 Misc 3d 129[A], 2015 NY Slip Op 50976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Thus, here, contrary to the People's argument, since defense counsel's alleged failure to properly advise defendant of the immigration consequences of his plea, in accordance with Padilla v Kentucky (559 US 356 [2010]), would affect the voluntariness of the plea, defendant's contention is reviewable by this court despite the waiver of the right to appeal (see People v Joseph, 142 AD3d 627 [2016]; People v Tarrant, 114 AD3d 710 [2014]; People v Montane, 110 AD3d 1101 [2013]; People v Drammeh, 100 AD3d 650 [2012]).
A defendant's right to the effective assistance of counsel is guaranteed by both the Federal and New York State Constitutions (see US Const, 6th Amend; NY Const, art I, § 6). When a defendant seeks to challenge his guilty plea on the ground of ineffective assistance of counsel under the federal standard, he must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced him (see Strickland v Washington, 466 US 668, 687 [1984]). The first prong of the Strickland test requires a showing that counsel's representation fell below an objective standard of reasonableness (see Strickland, 466 US at 687-688).The second prong, also known as the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" (Hill v Lockhart, 474 US 52, 59 [1985]). In order to satisfy the second prong, the "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (Hill, 474 US at 59). In Padilla, the United States Supreme Court found that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel and, as a result, the Strickland test used to [*2]determine whether the assistance of counsel was ineffective applies to such a claim (see Padilla, 559 US at 366, 369). The core of the inquiry under the New York State standard is whether the defendant received "meaningful representation" (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]). In making that assessment, a court must view counsel's performance in its totality, and, while the state standard does not require the defendant to "fully satisfy the prejudice test of Strickland," the defendant's showing of prejudice is regarded as a "significant but not indispensable element" in assessing meaningful representation (People v Caban, 5 NY3d 143, 155-156 [2005] [internal quotation marks omitted]; see also People v Nicholson, 26 NY3d 813, 831 [2016]). 
Where a defendant's complaint about counsel is predicated on a failure to advise of deportation consequences, which failure does not appear on the face of the record, the defendant must raise the claim via a CPL 440.10 motion (see People v Peque, 22 NY3d 168, 202 [2013]; People v Haffiz, 19 NY3d 883, 885 [2012]; People v McLean, 15 NY3d 117, 121 [2010]; People v Love, 57 NY2d 998, 1000 [1982]). Here, based upon the existing record, defendant failed to meet his burden of demonstrating that he had received the ineffective assistance of counsel (see People v Cardoza, 48 Misc 3d 130[A], 2015 NY Slip Op 51031[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). More specifically, since the record does not indicate that defense counsel failed to inform defendant of the immigration consequences of his plea, and several off-the-record conversations had taken place between defendant and his attorney before he pleaded guilty, we conclude that defendant's claim is untenable on the record before us (see People v Thomas, 139 AD3d 986 [2016]; People v Drammeh, 100 AD3d 650 [2012]; People v Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Without the benefit of additional facts that might have been developed after an appropriate postconviction motion, this court cannot conclude that counsel failed to give the requisite immigration advice.
In fact, defendant signed the misdemeanor conviction waiver of rights form, and defense counsel acknowledged at the plea proceeding that she had reviewed the form with defendant; thus, he was advised that there could be potential deportation consequences to entering into the plea (see People v Balbuena, 123 AD3d 1384, 1386 [2014]; People v John, 52 Misc 3d 61 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Moreover, he had been made indisputably aware of those possible consequences based upon the clear admonition of the court before he entered his plea (see Lee v United States, 137 S Ct 1958, 1968 n 4 [2017]; United States v Bhindar, 2010 WL 2633858 [US Dist Ct, SD NY, 2010, No. 07 Cr 711-04]; People v Rodriguez, 150 AD3d 1029 [2017]; People v Rampersaud, 121 AD3d 721 [2014]; People v Moreno, 58 Misc 3d 160[A], 2018 NY Slip Op 50289[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; cf. People v Corporan, 135 AD3d 485 [2016]). Consequently, to the extent that defendant's claim of ineffective assistance of counsel can be reviewed on the face of the record, defendant has failed to establish that he was deprived of the effective assistance of counsel under either the federal or state standards (see Strickland, 466 US 668; Benevento, 91 NY2d 708).
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018