People v Harris (2018 NY Slip Op 07749)





People v Harris


2018 NY Slip Op 07749


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-09187
 (Ind. No. 2411/11)

[*1]The People of the State of New York, respondent,
v
Andrea Harris, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered August 10, 2016, convicting him of assault in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. "A motion to withdraw a plea of guilty is addressed to the sound discretion of the Supreme Court, and, as a general rule, its determination will not be disturbed absent an improvident exercise of discretion" (People v Dowling, 158 AD3d 640, 640; see CPL 220.60[3]). Here, the record demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered. While the presentence report indicated that the defendant had a history of mental illness and only an eighth-grade education, there is no basis in the record to support his contention that he lacked the capacity to understand the proceedings against him, or that he was unable to assist in his defense (see CPL 730.30[1]; People v Tissiera, 154 AD3d 720; People v Rodriguez, 152 AD3d 800; People v Morris, 147 AD3d 1083; People v Narbonne, 131 AD3d 626; People v M'Lady, 59 AD3d 568; People v Hollis, 204 AD2d 569). To the contrary, the defendant's responses at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (see People v Tissiera, 154 AD3d at 721; People v Morris, 147 AD3d at 1084).
Furthermore, the Supreme Court providently exercised its discretion in denying the defendant's motion to substitute counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (People v Washington, 25 NY3d 1091, 1095 [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824; People v Wright, 147 AD3d 1088, 1089). "Nevertheless, the right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d at 824 [internal quotation marks omitted]; see People v Wright, 147 AD3d at 1089). "Where a seemingly serious request is made, the trial court is obligated to conduct at least a minimal inquiry' [*2]to determine the nature of the conflict and a possible resolution" (People v Ward, 121 AD3d 1026, 1027). Here, the court made the requisite "minimal inquiry" into the alleged lack of communication between the defendant and defense counsel (see People v Mahoney, 110 AD3d 923; People v Reese, 23 AD3d 1034, 1035), and appropriately determined that the communication issues did not warrant substitution of counsel (see People v Brown, 154 AD3d 1004, 1006; People v Robinson, 285 AD2d 478).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-713; People v Baldi, 54 NY2d 137, 147).
As the People correctly concede, the defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264-267). The Supreme Court's colloquy failed to ensure that the defendant understood the distinction between affirmatively waiving the right to appeal and automatically forfeiting certain rights upon entering a plea of guilty (see People v Desir, 161 AD3d 1102; People v Fortier, 130 AD3d 642). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court