People v Contreras (2019 NY Slip Op 02109)





People v Contreras


2019 NY Slip Op 02109


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-00994
 (Ind. No. 13-1273)

[*1]The People of the State of New York, respondent,
v
Jose Contreras, appellant.


Del Atwell, East Hampton, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio, Steven A. Bender, and Jennifer Spencer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Richard A. Molea, J., at plea; Barry E. Warhit, J., at sentence), rendered January 21, 2015, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of manslaughter in the first degree and sentenced, in accordance with the plea agreement, to a determinate term of imprisonment of 25 years followed by a period of 3 years of postrelease supervision.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248).
The defendant's valid appeal waiver precludes appellate review of his challenge to the factual sufficiency of his plea allocution (see People v Hicks, 134 AD3d 854; People v Hyland, 123 AD3d 736, 737; People v King, 115 AD3d 986, 987).
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Persaud, 109 AD3d 626), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CPL 220.60[3]; People v Clarke, 93 NY2d 904, 906; People v Lujan, 114 AD3d 963, 964; People v Ovalle, 112 AD3d 971; People v Devodier, 102 AD3d 884). In any event, there is no basis in the record to support the defendant's contention that he did not understand the proceedings against him (see People v Tissiera, 154 AD3d 720, 721; People v Morris, 147 AD3d 1083, 1084; People v Narbonne, 131 AD3d 626, 627). The record demonstrates that the defendant's plea was knowing, voluntary, and intelligent. Moreover, even though the presentence investigation report indicated that the defendant denied his guilt as to manslaughter in the first degree, the defendant reaffirmed his guilt of that crime under oath at sentencing (see People [*2]v Axel M., 122 AD3d 946, 947; People v Burton, 133 AD2d 276, 277).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Upson, 134 AD3d 1058; People v Haywood, 122 AD3d 769, 769-770). To the extent that the defendant is claiming that the ineffective assistance of counsel rendered his plea involuntary, the defendant's contention is without merit, inter alia, given the favorable plea agreement and the strong evidence of the defendant's guilt, and nothing in the record casts doubt on the apparent effectiveness of counsel (see People v Caban, 5 NY3d 143, 152; People v Henry, 95 NY2d 563, 566; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court