People v Harris (2020 NY Slip Op 51163(U))

[*1]

People v Harris (Alonzo)

2020 NY Slip Op 51163(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570161/19

The People of the State of New York,
Respondent,
against
Alonzo Harris, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jonathan Svetkey, J.), rendered February 19, 2019, convicting him, upon a plea of
guilty, of unlawful manufacture, distribution or sale of a synthetic cannabinoid, and imposing
sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered February 19, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial
sufficiency of the accusatory instrument must be assessed under the pleading standard required of
a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the
accusatory instrument was jurisdictionally valid because it described facts of an evidentiary
nature establishing reasonable cause to believe that defendant was guilty of unlawful
manufacture, distribution or sale of a synthetic cannabinoid (see Administrative Code of
City of NY § 10-203[a][1]). The instrument alleged that while co-defendant (Spann) was
being placed under arrest for the sale of synthetic cannabinoids, he dropped a "black plastic bag"
to the ground. The instrument further alleged that defendant picked up the bag and went into a
pizza shop, where police recovered the black plastic bag and "a separate zip lock bag" containing
synthetic cannabinoid from defendant's person. The "possess with intent to sell" element of the
offense (Administrative Code § 10-203[a][1]) was satisfied by allegations that "24 bundles
of synthetic cannabinoids were recovered from "defendant Harris's person," thereby triggering the
statutory presumption of intent to sell arising from possession of "ten or more packets, individual
containers or other separate units" of such substance (see Administrative Code §
10-203[b]).
The record establishes that defendant's plea was entered knowingly, voluntarily, and
intelligently with the aid of counsel, and after the court sufficiently advised defendant of the
constitutional rights he would be giving up by pleading guilty (see People v Conceicao,
26 NY3d 375, 382-383 [2015]; People v Sougou, 26 NY3d 1052, 1054-1055 [2015]).
While defendant [*2]had been diagnosed with epilepsy and
prescribed medication for this condition, there is no basis in the record to support his present
contention that he lacked the capacity to understand the proceedings against him or that he was
unable to assist in his defense (see
People v Morris, 147 AD3d 1083 [2017], lv denied 29 NY3d 1035 [2017]). To
the contrary, defendant's responses at the plea proceeding were appropriate, and did not indicate
that he was incapacitated (see People v
Harden, 175 AD3d 613 [2019]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
rather than vacatur of the plea, and he expressly requests that this Court affirm the conviction if it
does not grant a dismissal. Because we do not find that dismissal would be appropriate, we
affirm on this basis as well (see e.g.
People v Teron, 139 AD3d 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020