People v Xajapajcuc (2021 NY Slip Op 00887)





People v Xajapajcuc


2021 NY Slip Op 00887


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02284
 (Ind. No. 1365/17)

[*1]The People of the State of New York, respondent,
v
Jorge R. Xajapajcuc, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered February 2, 2018, convicting him of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, burglary in the first degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review since he did not move to withdraw his plea or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662; People v Ruiz-Solano, 188 AD3d 1267; People v Cardona, 177 AD3d 647, 648). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Sougou, 26 NY3d 1052, 1055; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's contention that he did not receive the effective assistance of counsel because his counsel coerced him into pleading guilty is belied by his statements during the plea proceeding. The defendant acknowledged under oath that he was satisfied with his attorney's representation, that he had not been forced into pleading guilty, and that he was entering the plea freely and voluntarily (see People v Houston, 173 AD3d 1061; People v Vicente, 167 AD3d 951, 952; People v Ward, 140 AD3d 903, 904).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court