People v Kattis (2021 NY Slip Op 04239)





People v Kattis


2021 NY Slip Op 04239


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-01074
 (Ind. No. 1866/16)

[*1]The People of the State of New York, respondent,
v
Christopher Kattis, appellant. Thomas J. Butler, Melville, NY, for appellant, and appellant pro se.


Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), rendered July 28, 2017, convicting him of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, and endangering the welfare of a child (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, by grand jury indictment, with course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree, and two counts of endangering the welfare of a child. On May 12, 2017, the defendant pleaded guilty to all counts of the indictment. On July 28, 2017, the Supreme Court imposed sentence.
Contrary to the defendant's contention, the grand jury indictment was not jurisdictionally defective (compare People v Watt, 84 NY2d 948, with People v Sedlock, 8 NY3d 535; see People v Pabon, 28 NY3d 147, 154). To the extent the defendant raises any nonjurisdictional challenge to the sufficiency of the indictment, such claim is forfeited by his plea of guilty (see People v Walley, 36 NY3d 967; People v Thomas, 34 NY3d 545, 568), which the record demonstrates was entered knowingly, voluntarily, and intelligently (see People v Xajapajcuc, 191 AD3d 811; People v Morris, 147 AD3d 1083). The defendant's contention that the indictment is duplicitous is also forfeited by his valid plea of guilty (see People v Call, 162 AD3d 1063, 1064; People v Shand, 105 AD3d 777).
We need not reach the defendant's remaining contention challenging the validity of his appeal waiver (see People v Henriquez, 168 AD3d 876).
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.

2018-01074 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Christopher Kattis, appellant.
(Ind. No. 1866/16)

Motion by the respondent to strike Point II of the appellant's reply brief on the ground that it refers to matter dehors the record and contains arguments not raised in the main brief and to correct a scrivener's error in its brief on an appeal from a judgment of the Supreme Court, Suffolk County, rendered July 28, 2017. By decision and order on motion of this Court dated March 17, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike Point II of the appellant's reply brief on the ground that it refers to matter dehors the record and contains arguments not raised in the main brief is granted to the extent that references to a certain Nassau County report that is dehors the record are stricken and have not been considered in the determination of the appeal; and it is further,
ORDERED that the branch of the motion which is to correct a scrivener's error in the respondent's brief is granted and the subject scrivener's error is deemed corrected; and it is further,
ORDERED that the motion is otherwise denied.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court