People v Larson (2021 NY Slip Op 06630)





People v Larson


2021 NY Slip Op 06630


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-14339
 (Ind. No. 1978/17)

[*1]The People of the State of New York, respondent,
v
Sarah A. Larson, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel; Immanuel Petrikovsky on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Suffolk County (William J. Condon, J.), rendered September 5, 2019, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal sale of a controlled substance in the third degree.
ORDERED that the amended judgment is affirmed.
The defendant did not appeal from the original judgment of conviction, upon her plea of guilty, of criminal sale of a controlled substance in the third degree. Thus, the defendant is foreclosed from challenging the propriety of the original judgment, including, inter alia, her claim as to the validity of her plea of guilty, on this appeal from the amended judgment (see People v Hazel, 145 AD3d 797, 798; People v Sansone, 65 AD3d 636, 637).
Contrary to the People's contention, the defendant did not validly waive her right to appeal (see People v Soler, 189 AD3d 1086, 1087). Nonetheless, the sentence imposed by the amended judgment was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court