People v Pichardo-Ramirez (2025 NY Slip Op 00988)

People v Pichardo-Ramirez

2025 NY Slip Op 00988

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-01427
2022-01428

[*1]The People of the State of New York, respondent,
v
Ruben Pichardo-Ramirez, appellant. (S.C.I. No. 532/19, Ind. No. 619/20)

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered July 14, 2021, convicting him of attempted coercion in the second degree, attempted robbery in the third degree, and endangering the welfare of a child under Indictment No. 619/20, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 14, 2021, revoking a sentence of probation previously imposed by the County Court, Nassau County (Erica L. Prager, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree under Superior Court Information No. 532/19.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the amended judgment is modified, on the law, by vacating the sentence imposed; as so modified, the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The defendant pleaded guilty to burglary in the third degree under Superior Court Information No. 532/19 and was sentenced to a term of incarceration of six months to be followed by a period of probation of five years. Thereafter, while still on probation, the defendant was charged under Indictment No. 619/20 with various crimes, including attempted coercion in the second degree, attempted robbery in the third degree, and endangering the welfare of a child. The defendant subsequently pleaded guilty to attempted coercion in the second degree, attempted robbery in the third degree, and endangering the welfare of a child in satisfaction of the charges under Indictment No. 619/20, and admitted that he had violated a condition of probation under Superior Court Information No. 532/19. On July 14, 2021, the Supreme Court sentenced the defendant under Indictment No. 619/20, revoked the sentence of probation previously imposed under Superior Court Information No. 532/19, and sentenced the defendant under Superior Court Information No. 532/19 to an indeterminate term of imprisonment of two to four years.
The defendant did not appeal from the original judgment rendered under Superior Court Information No. 532/19. Thus, on his appeal from the amended judgment rendered under Superior Court Information No. 532/19, the defendant is foreclosed from challenging the propriety of the original judgment, including, inter alia, his claims as to the validity of his plea of guilty (see People v Larson, 199 AD3d 1021; People v Hazel, 145 AD3d 797, 798; People v Sansone, 65 AD3d [*2]636; People v Augustin, 286 AD2d 442).
The defendant's contentions concerning the voluntariness of his plea of guilty with respect to the judgment rendered under Indictment No. 619/20 are unpreserved for appellate review, as the defendant did not move to withdraw this plea or otherwise raise these issues before the Supreme Court (see People v Rodriguez, 202 AD3d 999; People v Coverdale, 189 AD3d 1610; People v Thomas, 139 AD3d 986). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Keller, 201 AD3d 657, 657; People v Thomas, 139 AD3d 986; People v Serrano, 160 AD2d 745). Contrary to the defendant's contention, statements contained in the presentence investigation report indicating that the defendant had a history of being admitted to psychiatric hospitals did not trigger a duty to inquire further into whether the defendant's plea was knowing, voluntary, and intelligent (see People v Keller, 201 AD3d at 657; People v Thomas, 139 AD3d 986; People v Serrano, 160 AD2d 745; cf. People v Mox, 20 NY3d 936, 939).
The defendant's contentions with respect to the voluntariness of his admission to violating a condition of probation under Superior Court Information No. 532/19 are unpreserved for appellate review (see People v King, 170 AD3d 1041, 1041). In any event, the record establishes that the defendant knowingly, intelligently, and voluntarily admitted that he violated a condition of probation under Superior Court Information No. 532/19 (see CPL 410.70[3]; People v King, 170 AD3d at 1041; People v Beach, 118 AD3d 905; People v Reyes, 98 AD3d 1140; People v Lombardo, 108 AD2d 873).
However, as the People correctly concede, the sentence imposed upon the amended judgment rendered under Superior Court Information No. 532/19 is unauthorized (see Penal Law §§ 60.01[2]; 65.00[3][a][i]; 70.00[2], [3]). We therefore vacate the sentence and remit the matter to the Supreme Court, Nassau County, for resentencing.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court