THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANK WILLIAMS, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 11, 1977, convicting defendant upon his plea of guilty to the crime of robbery in the second degree, unanimously reversed, on the law, the sentence vacated and the matter remanded for a hearing upon defendant's application to withdraw his guilty plea. It appears that, at the time of sentencing, defendant sought to withdraw his guilty plea, claiming that he was innocent and that he had pleaded guilty under the mistaken belief that had he proceeded to trial, if convicted, he could have received a sentence of 25 years to life. Upon the allocution at the time of the plea, defendant's statement as to what had occurred contained no admission of guilt nor any admission on his part of the crime of robbery. The court directed defendant's counsel to "speak to him." Defendant's response to the court thereafter was equivocal. At the time of sentence defendant stated, "I did not help in or have anything to do with any robbery." He asserted he had pleaded

guilty because counsel had led him to believe he could have been sentenced to 25 years to life. It is apparent from counsel's version of their conversation that this illiterate defendant could have been inadvertently misled. Under the circumstances, the court's denial of the motion, without further inquiry, was error. *(People v Serrano,* 15 NY2d 304; *People v Nixon,* 21 NY2d 338; *People v McKennion,* 27 NY2d 671.)* Accordingly, remand for an appropriate hearing on defendant's application to withdraw his plea of guilty is necessary. Also improper was the denial by the sentencing court of defendant's right to substitute retained counsel in place of the court-appointed attorney who had represented defendant in the prior proceedings. Retained counsel appeared and sought substitution before imposition of sentence. The court's denial of this application deprived defendant of his constitutional right to counsel of his own choice. The People did not object to the substitution nor did they allege it would cause any delay or other prejudice. And none is shown. Such denial of defendant's fundamental constitutional right so infected the sentence proceedings as to require remand for resentencing, even if we were not directing that the matter be remanded for a hearing upon defendant's application to withdraw his guilty plea. Concur—Evans, J. P., Fein, Lane, Lynch and Sandler, JJ.