■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TORRES, Appellant. [892 NYS2d 156]—

It is well settled that the right of a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (*see People v Seeber,* 4 NY3d 780 [2005]; *People v Mann,* 32 AD3d 865 [2006]; *People v Kucharczyk,* 15 AD3d 595 [2005]), and that determination will generally not be disturbed absent an improvident exercise of discretion (*see People v DeLeon,* 40 AD3d 1008 [2007]). In this case, the record reveals that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea bargain with the assistance of competent counsel with whose representation the defendant was satisfied (*see People v Mann,* 32 AD3d 865 [2006]). Furthermore, contrary to the defendant's arguments on appeal, "[a]n attorney assigned to represent a defendant in a criminal case has no duty to participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made" (*People v Caple,* 279 AD2d 635, 635 [2001]; *see People v Rodriguez,* 181 AD2d 643 [1992]; *People v Glasper,* 151 AD2d 692, 693 [1989]).

The defendant's remaining contention is without merit. Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.