THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MOLINA, Appellant. [892 NYS2d 783]—

The Supreme Court improvidently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty to burglary in the second degree in satisfaction of the charges brought against him under indictment No. 468/04. Where a statement by a defendant "calls into question the voluntariness of [a guilty] plea," the trial court has "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666 [1988]). Contrary to the People's contention, the record of the subject plea proceeding does not refute the defendant's claim that he received incorrect information from his attorney regarding his sentencing exposure (*see People v Fitzgerald*, 56 AD3d 811, 814 [2008]). Moreover, the court never itself apprised the defendant of the possible sentence he faced if convicted after a trial (*id.* at 813; *cf. People v Eschenberg*, 275 AD2d 719 [2000]). Thus, a hearing is required to determine whether the defendant's plea of guilty was knowingly and voluntarily entered (*see People v Fitzgerald*, 56 AD3d at 813-814; *People v Williams*, 65 AD2d 521 [1978]; *see also People v Alexander*, 97 NY2d 482, 485-486 [2002]).

Accordingly, we remit the matter to the Supreme Court, Queens County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant shall be represented by his appellate counsel (*see People v Bedoya*, 53 AD3d 621 [2008]; *People v Davis*, 232 AD2d 652 [1996]). We express no opinion as to the merits of the defendant's motion and we decide no other issues at this time. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.