■ The People of the State of New York, Respondent, v Darnell King, Appellant. [982 NYS2d 178]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered July 5, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that his plea was not knowingly, voluntarily, or intelligently entered because it was precipitated by the trial court's improper denial of his motion to suppress evidence, and by his attorney's failure to properly address this issue, are unpreserved for appellate review since he did not move to withdraw his plea on these grounds prior to sentencing (*see People v Vasquez*, 40 AD3d 1134 [2007]). In any event, a motion to withdraw a plea of guilty rests within the sound discretion of the Supreme Court (*see People v Nixon*, 21 NY2d 338, 353-354 [1967], *cert denied* 393 US 1067 [1969]), whose determination generally will not be disturbed absent an improvident exercise of discretion (*see People v DeLeon*, 40 AD3d 1008,

1009 [2007]). Here, the Supreme Court providently exercised its discretion in denying the defendant's pro se application to withdraw his plea of guilty. The defendant entered his plea of guilty knowingly, voluntarily, and intelligently, having reached a favorable plea bargain with the assistance of competent counsel with whose representation the defendant was satisfied (*see People v Wiedmer*, 71 AD3d 1067 [2010]). The defendant's unsubstantiated claim that his plea was involuntary was refuted by his statements during the plea allocution (*see id.*; *People v Torres*, 68 AD3d 1142 [2009]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on record and, in part, on matter outside the record and, thus, constitutes a "mixed claim[ ]" of ineffective assistance (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

Appellate review of the defendant's claims concerning his factual allocution at the plea proceeding are precluded by his valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Reina*, 35 AD3d 509, 509-510 [2006]). Also, by withdrawing all pending and undecided motions, the defendant waived his right to seek appellate review of those motions (*see People v Baez*, 52 AD3d 840 [2008]). Moreover, even if the motions had been decided, the defendant's valid waiver of his right to appeal would bar appellate review of the determinations disposing of those motions. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.