THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. WILLIAMS, Appellant. [13 NYS3d 442]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered November 4, 2009, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because it was affected by his attorney's failure to make any pretrial motion to suppress evidence is unpreserved for appellate review since he did not raise that contention when he moved to withdraw his plea prior to sentencing (*see People v King*, 115 AD3d 986 [2014]; *People v Delarosa*, 104 AD3d 956 [2013]; *People v Thomas*, 89 AD3d 964, 964-965 [2011], *affd sub nom. People v Peque*, 22 NY3d 168 [2013]). In any event, a motion to withdraw a guilty plea is addressed to the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see People v Seeber*, 4 NY3d 780 [2005]; *People v McClurkin*, 96 AD3d 784, 785 [2012]; *People v Bivens*, 88 AD3d 808 [2011]; *People v Mann*, 32 AD3d 865, 866 [2006]). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The record demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently upon reaching a favorable plea bargain with the assistance of competent counsel, and that the defendant was satisfied with counsel's representation (*see People v King*, 115 AD3d at 987; *People v Wiedmer*, 71 AD3d 1067 [2010]). The defendant's unsubstantiated claim that his plea was involuntary was refuted by his statements during the plea allocution (*see People v Wiedmer*, 71 AD3d 1067 [2010]; *People v Torres*, 68 AD3d 1142 [2009]).

To the extent that the defendant is claiming that his attorney rendered ineffective assistance of counsel by failing to file a motion to suppress evidence, the alleged ineffective assistance did not directly involve the plea bargaining process, and thus, the defendant forfeited that claim by pleading guilty (*see*

*People v McGuire*, 122 AD3d 947, 948 [2014]; *People v Griffin*, 118 AD3d 721 [2014]; *People v Bennett*, 115 AD3d 973 [2014]).
Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.