■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DONOVAN, Appellant. [20 NYS3d 96]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered November 8, 2013, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because it was affected by his attorney's failure to make any pretrial motion to suppress evidence and because the County Court did not conduct a proper plea allocution is not preserved for appellate review, since he did not move to withdraw his plea or otherwise raise these issues in the County Court (*see People v Williams*, 129 AD3d 1000 [2015]; *People v King*, 115 AD3d 986 [2014]; *People v Jackson*, 114 AD3d 807 [2014]). In any event, the record reveals that the defendant's plea was knowingly, voluntarily, and intelligently entered (*see People v Harris*, 61 NY2d 9, 16 [1983]; *People v Nixon*, 21 NY2d 338, 353 [1967]).

The defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because defense counsel failed to discuss the risks and benefits of pursuing a motion to suppress evidence or otherwise advise and consult with him rests on matter outside the record on appeal, and may not be reviewed on direct appeal (*see People v Thorne*, 116 AD3d 988 [2014]; *People v Smith*, 85 AD3d 1065 [2011]; *People v Griffith*, 78 AD3d 1194, 1195 [2010]).

The defendant's contention that defense counsel was ineffective because he failed to make a pretrial suppression motion is not properly before this Court, since, by pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (*see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Moshier*, 110 AD3d 832, 833 [2013]; *People v Patterson*, 106 AD3d 757 [2013]; *People v Fakhoury*, 103 AD3d 664, 664 [2013]).

To the extent that the defendant's claim of ineffective as-

sistance of counsel does relate to the voluntariness of his plea, his claim is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" of counsel (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Borges*, 130 AD3d 1057, 1058 [2015]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel as it relates to the voluntariness of his plea (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.