■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG E. GABBIDON, Appellant. [19 NYS3d 786]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered December 23, 2014, convicting him of criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court misinformed him of his maximum sentencing exposure were he to proceed to trial is unpreserved for appellate review, since the defendant did not raise this specific ground in his motion to withdraw his plea (*see People v Williams*, 129 AD3d 1000 [2015]; *People v King*, 115 AD3d 986 [2014]; *People v Delarosa*, 104 AD3d 956 [2013]). In any event, the court properly informed the defendant that consecutive sentences could be imposed if he were convicted of the first two counts of the indictment, since each count as charged involved a separate sexual act constituting a distinct offense (*see People v Colon*, 61 AD3d 772, 773 [2009]; *People v Dallas*, 31 AD3d 573, 574 [2006]; *People v Gersten*, 280 AD2d 487 [2001]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to his counsel's failure to recognize and address the purported error regarding his maximum sentencing exposure, since, as noted above, the County Court properly informed the defendant of his maximum

sentencing exposure (*see People v Cromwell*, 99 AD3d 1017 [2012]; *People v Royster*, 40 AD3d 885, 886 [2007]). Furthermore, the record demonstrates that the defendant received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Modica*, 64 NY2d 828, 829 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). There is nothing in the record to support the defendant's claim that counsel's performance was deficient (*see Hill v Lockhart*, 474 US 52, 58 [1985]; *Strickland v Washington*, 466 US 668, 687 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.