■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAWANA COLEMANORANGE, Also Known as TAWANA COLEMAN-ORANGE, Appellant. [55 NYS3d 439]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered January 22, 2016, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was not voluntary, knowing, and intelligent is unpreserved for appellate review, since she did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Canole*, 123 AD3d 940 [2014]). In any event, the defendant's contention is without merit. Contrary to the defendant's further contention, there was nothing in the plea allocution that triggered the Supreme Court's duty to inquire into a potential affirmative defense to the charge based upon mental disease or defect (*see* Penal Law § 40.15; *People v Thomas*, 139 AD3d 986 [2016]; *People v Serrano*, 160 AD2d 745, 746 [1990]; *cf. People v Mox*, 20 NY3d 936, 939 [2012]). The fact that the defendant had been diagnosed with bipolar schizophrenia and was receiving medication did not trigger such a duty of inquiry (*see People v Gelikkaya*, 84 NY2d 456, 459 [1994]; *People v Gensler*, 72 NY2d 239, 244 [1988]; *People v Thomas*, 139 AD3d 986 [2016]).

Moreover, there is no support in the record for the defendant's contention that she lacked the capacity to understand the proceedings against her or that she was unable to assist in her defense (*see* CPL 730.30 [1]; *People v Narbonne*, 131 AD3d 626, 627 [2015]; *People v Kelly*, 121 AD3d 713 [2014]; *People v M'Lady*, 59 AD3d 568 [2009]). To the contrary, the defendant's responses at the plea and sentencing proceedings were appropriate, and did not indicate that she was incapacitated (*see People v Thomas*, 139 AD3d at 987; *People v M'Lady*, 59 AD3d at 568; *People v Pryor*, 11 AD3d 565, 566 [2004]). In addition, the two CPL 730.30 examinations conducted two months after the defendant pleaded guilty are not evidence of the defendant's capacity at the time of her plea (*see People v Gelikkaya*, 84 NY2d 456, 459-460 [1994]; *People v Coons*, 73 AD3d 1343, 1345 [2010]; *People v Pena*, 251 AD2d 26, 30-31 [1998]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.