People v Odom (2018 NY Slip Op 06270)





People v Odom


2018 NY Slip Op 06270


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11015
 (Ind. No. 929/14)

[*1]The People of the State of New York, respondent,
v
Tyrone Odom, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered July 29, 2015, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
"[A] waiver [of the right to appeal] is ineffective where the court mischaracterizes the nature of the right to appeal" (People v Leach, 26 NY3d 1154, 1155). Here, during the plea allocution, the Supreme Court stated: "Ordinarily, after a trial you would have the right to appeal . . . But when you plead guilty, you are agreeing to give up your right to appeal." The court's explanation of the right to appeal was "misleading because it suggest[ed] that only defendants who are convicted after trial have a right to appeal" (People v Foster, 87 AD3d 299, 303). Under these circumstances, the defendant's purported waiver of the right to appeal was invalid (see People v Lopez, 6 NY3d 248, 256).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress an incriminating statement made to law enforcement officials. The People established at the suppression hearing that the statement, which was made while the defendant was in custody and before Miranda warnings were given (see Miranda v Arizona, 384 US 436), was spontaneous and was not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a statement from him (see People v Rivers, 56 NY2d 476, 479; People v Reaves, 112 AD3d 746, 747).
The defendant's contention that the Supreme Court misinformed him of the maximum sentence he would receive if he was convicted after a trial is unpreserved for appellate review, since the defendant did not raise this specific ground in his motion to withdraw his plea (see CPL 470.05[2]; People v Gabbidon, 134 AD3d 736, 736). In any event, after the court misstated the defendant's maximum sentence during the plea allocution, the prosecutor immediately and [*2]accurately corrected the record. In addition, although the defendant's claim that the court misled him as to his minimum sentence was raised during his motion to withdraw his plea, the defendant's contention is not supported by the record (cf. People v Molina, 69 AD3d 960, 961). When considering whether a plea was knowing, intelligent, and voluntary, "[t]hat the defendant allegedly received inaccurate information regarding his possible sentence exposure" is one of several factors "which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d 869, 870). Other factors include "the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (id. at 870 [internal quotation marks omitted]). Considering the record as a whole, we find that the defendant's plea was knowing, intelligent, and voluntary. Accordingly, we agree with the court's denial of the defendant's motion to withdraw his plea (see People v Sougou, 26 NY3d 1052, 1055).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court