People v Leasure (2019 NY Slip Op 08217)





People v Leasure


2019 NY Slip Op 08217


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-03897
2017-03899

[*1]The People of the State of New York, respondent,
v
Edward R. Leasure, appellant. (Ind. Nos. 987/15, 1415/16)


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Barry A. Schwartz, J.), both rendered March 9, 2017, convicting him of burglary in the first degree (two counts) under Indictment No. 987/15, and conspiracy in the second degree under Indictment No. 1415/16, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
During the morning of March 16, 2015, the defendant allegedly entered two separate houses while displaying what appeared to be a firearm to the residents of those dwellings. He was arrested later the same day and subsequently charged in an eight-count indictment, inter alia, with two counts of burglary in the first degree. While detained in jail awaiting trial, the defendant was charged in a second indictment, inter alia, with conspiracy in the second degree based on his alleged attempt to hire a hitman to kill witnesses to the crimes with which he was charged in the first indictment. On August 22, 2016, the defendant pleaded guilty to two counts of burglary in the first degree and one count of conspiracy in the second degree in exchange for sentences of concurrent terms of imprisonment not to exceed 24 years. On March 9, 2017, the defendant was sentenced to two concurrent determinate terms of imprisonment of 24 years followed by 5 years of postrelease supervision on the convictions of burglary in the first degree, and an indeterminate term of imprisonment of 12 to 24 years on the conviction of conspiracy in the second degree, to run concurrently with the sentences imposed on the convictions of burglary in the first degree. On the same date, the Supreme Court denied the defendant's pro se motion to withdraw his pleas of guilty on the ground that they were involuntarily entered due to his having been under the influence of psychotropic medications.
Contrary to the defendant's contention, his waiver of the right to appeal was valid (see People v Sanders, 25 NY3d 337). " A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily'" (People v Batista, 167 AD3d 69, 73, quoting People v Lopez, 6 NY3d 248, 256). Here, the record demonstrates that the Supreme Court's colloquy with the defendant, supplemented by a written waiver of the right to [*2]appeal on each indictment executed by the defendant, "sufficiently apprised him of the nature and significance of the right that he was being asked to waive, and that the defendant had a full appreciation of the consequences of the waiver of that right" (People v Cuellar, 174 AD3d 733, 734).
Although the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d at 341-342; People v Lopez, 6 NY3d at 255), his contention that his pleas were not knowing, voluntary, and intelligent survives the valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Rodriguez-Abreu, 170 AD3d 895). However, the defendant's contention that his pleas of guilty were not entered voluntarily because the Supreme Court did not accurately advise him of his maximum potential sentencing exposure is unpreserved for appellate review, as he did not move to withdraw his pleas on this ground prior to the imposition of sentence (see People v Odom, 164 AD3d 1475; People v McKinney, 162 AD3d 1073). In any event, this contention is without merit. The defendant was clearly advised of his maximum sentencing exposure were he to have been convicted after trial on every count, and if the court were to have imposed consecutive sentences. Furthermore, any alleged failure to inform the defendant of the statutory sentence calculations contained in Penal Law § 70.30 did not render the pleas involuntary (see People ex rel. Ryan v Cheverko, 22 NY3d 132, 136).
The defendant's further contention that his pleas were not knowing, voluntary, or intelligent because the Supreme Court failed to inquire whether he voluntarily waived a psychiatric defense is unpreserved for appellate review, as he did not move to withdraw his pleas on this ground (see CPL 470.05). In any event, this contention is without merit. There was nothing in the plea allocution that triggered the court's duty to inquire into a potential affirmative defense to the charges based upon mental disease or defect (see Penal Law § 40.15; People v Colemanorange, 151 AD3d 738). Moreover, the fact that the defendant may have been diagnosed with a mental illness as a child and, as an adult, was diagnosed with and is being treated for a depressive disorder, did not trigger a duty of inquiry (see People v Gelikkaya, 84 NY2d 456, 459; People v Colemanorange, 151 AD3d at 739). In addition, the record does not support the defendant's contention that he lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense (see CPL 730.30[1]). To the contrary, he actively engaged in the plea negotiations, and his responses at the plea and sentencing proceedings were appropriate and did not indicate that he was incapacitated (see People v Socci, 160 AD3d 904; People v Colemanorange, 151 AD3d at 739).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his pleas (see People v Hendrix, 172 AD3d 1224). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the claim is without merit (see People v Rodriguez, 144 AD3d 950).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 255-256; People v Batista, 167 AD3d at 75).
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court