People v Fields (2019 NY Slip Op 08860)





People v Fields


2019 NY Slip Op 08860


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-13242
 (Ind. No. 1015/16)

[*1]The People of the State of New York, respondent,
v
John Fields, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan, Grazia DiVincenzo, and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Martin Efman, J.), rendered June 8, 2017, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the defendant's challenge to the voluntariness of his plea of guilty survives his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Kovalsky, 166 AD3d 900; People v Miller, 166 AD3d 812), his contentions are unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise those contentions before the Supreme Court (see CPL 470.05[2]; People v Kovalsky, 166 AD3d at 901; People v Miller, 166 AD3d at 813; People v McClenic, 155 AD3d 1064). In any event, his contentions are without merit (see People v Peque, 22 NY3d 168, 184-185; People v Nixon, 21 NY2d 338, 356).
The defendant's contention, raised in his pro se supplemental brief, that his attorney rendered ineffective assistance of counsel during the suppression hearing is not properly before this Court, since, by pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (see People v David, 163 AD3d 846; People v Donovan, 133 AD3d 615; People v Williams, 129 AD3d 1000).
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court