People v Mimms (2020 NY Slip Op 04325)





People v Mimms


2020 NY Slip Op 04325


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02331
 (Ind. No. 166/17)

[*1]The People of the State of New York, respondent,
v
Carl S. Mimms, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 2, 2018, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court misinformed him of the maximum sentence that he faced if he was convicted after a trial is unpreserved for appellate review as he did not move to withdraw his plea (see CPL 470.05[2]; People v Odom, 164 AD3d 1475, 1476; People v Gabbidon, 134 AD3d 736). In any event, the court's statement regarding the maximum permissible sentence was correct. The defendant's conviction for assault in the second degree, a violent felony, could not qualify as a predicate felony conviction, as the defendant's commission of criminal possession of a controlled substance in the third degree occurred prior to the sentencing for his conviction of assault in the second degree (see Penal Law § 70.04[1][b][ii]; People v Joseph, 167 AD3d 776, 777). As only a nonviolent felony could serve as the predicate conviction, the court correctly advised the defendant that, as a second felony offender, he faced a maximum term of imprisonment of 12 years on his conviction of criminal possession of a controlled substance in the third degree (see Penal Law §§ 70.70[3][a], [b][i]; 220.16).
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court