People v Arce (2021 NY Slip Op 04555)





People v Arce


2021 NY Slip Op 04555


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2020-05610
 (Ind. No. 18-00564)

[*1]The People of the State of New York, respondent,
v
Cynthia Arce, appellant.


Gerald Zuckerman, Croton-on-Hudson, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered October 31, 2019, convicting her of murder in the second degree and attempted aggravated assault upon a police officer (two counts), upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of murder in the second degree and two counts of attempted aggravated assault upon a police officer, upon a plea of guilty, arising out of the death of the defendant's two-year-old daughter in April 2018 and the defendant's violent interaction with the two police officers who arrived at the scene.
By pleading guilty, the defendant forfeited appellate review of her claims of ineffective assistance of counsel that did not directly involve the plea negotiation process and sentence (see People v Castro, 192 AD3d 1041, 1041; People v Fields, 178 AD3d 847, 848). To the extent that the defendant's claim of ineffective assistance of counsel relates to the negotiation of the plea and sentence, the record reveals that the defendant received an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel (see People v Ford, 86 NY2d 397, 404; People v Parker, 176 AD3d 1106, 1107).
The defendant's contention that her plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, as she did not move to withdraw her plea on this ground or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Fields, 178 AD3d at 847). In any event, the contention is without merit (see People v Fields, 178 AD3d at 847). There is no support in the record for the defendant's contention that she lacked the capacity to understand the proceedings against her or was unable to assist in her defense (see CPL 730.30[1]; People v Coverdale, 189 AD3d 1610, 1611; People v Colemanorange, 151 AD3d 738, 739). To the contrary, the defendant actively engaged in the plea negotiations, and her responses at the plea and sentencing proceedings were appropriate and did not suggest that she was incapacitated (see People v Leasure, 177 AD3d 770, 772; People v [*2]Colemanorange, 151 AD3d at 739). Further, the fact that the defendant may have had a history of mental illness, and that she served notice of an intent to proffer psychiatric evidence, did not trigger a duty by the court to inquire into her mental capacity (see e.g. People v Leasure, 177 AD3d at 772; People v Colemanorange, 151 AD3d at 739).
The defendant's valid waiver of her right to appeal precludes appellate review of her remaining contention that the sentence imposed was excessive (see People v Campbell, 192 AD3d 822, 823; People v Hernandez, 189 AD3d 1263, 1263).
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court