People v Pena (2022 NY Slip Op 02563)

People v Pena

2022 NY Slip Op 02563

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2018-08455

[*1]The People of the State of New York, respondent,
v
Victor Pena, appellant. 

Salvatore C. Adamo, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Andrew A. Crecca, J.), rendered June 19, 2018, convicting him of assault in the first degree, assault in the second degree, and endangering the welfare of a child (four counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowingly, voluntarily, or intelligently entered because his trial counsel failed to make any pretrial motions to suppress evidence. This contention is not preserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise these issues in the County Court (see People v Donovan, 133 AD3d 615, 615; People v Williams, 129 AD3d 1000, 1000; People v King, 115 AD3d 986, 986). In any event, the record reveals that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Harris, 61 NY2d 9, 16; People v Donovan, 133 AD3d at 615).
The defendant's contention that he was denied the effective assistance of counsel because his counsel failed to make any pretrial motions to suppress evidence is not properly before this Court, since by pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea negotiation process or sentencing (see People v Brooks, 192 AD3d 1134, 1134; People v Castro, 192 AD3d 1041, 1041; People v Fields, 178 AD3d 847, 848; People v Donovan, 133 AD3d at 615).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court