People v Smith (2022 NY Slip Op 05338)

People v Smith

2022 NY Slip Op 05338

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-07564
 (Ind. No. 14/21)

[*1]The People of the State of New York, respondent,
v
Shaquan Smith, appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 15, 2021, convicting him of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since he did not move to withdraw his plea on this ground or otherwise raise this issue before the County Court (see People v Pena, 204 AD3d 940, 941; People v Arce, 196 AD3d 696, 697). In any event, the contention is without merit. The fact that the defendant had a history of mental illness in the form of depression and anxiety did not trigger a duty by the court to inquire into his mental capacity (see People v Arce, 196 AD3d at 697; People Leasure, 177 AD3d 770, 772; People v Harris, 166 AD3d 801; cf. People v Patillo, 185 AD3d 46).
Contrary to the defendant's contention, he validly waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Stevens, 203 AD3d 958, 959-960). The defendant's valid
waiver of the right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Thomas, 34 NY3d at 558; People v Lopez, 6 NY3d 248, 255).
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court